UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| SHON OLIVENTA WILLIAMS, | ) | No. CV 21-3375-MWF (PLA) |
| Petitioner, | ) | **ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION** |
| v. | ) | |
| L. BIRD, | ) | |
| Respondent. | ) | |

I

**BACKGROUND**

On April 13, 2021, Shon Oliventa Williams ("petitioner") filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody in the United States District Court in the Eastern District of California; that Petition was transferred to this Court, received on April 22, 2021, and assigned case number CV 21-3375-MWF (PLA) ("3375 Petition"). The 3375 Petition challenges petitioner's June 2016 conviction in Los Angeles County Superior Court case number YA093048, in which petitioner pleaded no contest to carjacking (Cal. Penal Code § 215)

and received a sentence of fifteen years in state prison. (ECF No. 1 at 1[1]). As best as the Court can discern, petitioner in the 3375 Petition raises the following grounds for relief: (1) a sentencing challenge under California Penal Code section 1170(d)(1); (2) a sentencing challenge under California Senate Bill 1393 ("SB 1393"); (3) a request for resentencing under the Los Angeles County District Attorney's Special Directive 20-14; and (4) a "miscarriage of justice" claim based on the denial of petitioner's request to have his sentence recalled under California Penal Code section 1170(d)(1). (Id. at 5-10).

Several weeks earlier, on April 5, 2021, petitioner filed in this Court a separate Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254; the action was assigned case number CV 21-3036-MWF (PLA) ("3036 Petition"). In the pending 3036 Petition, petitioner challenges the same June 2016 conviction in Los Angeles County Superior Court case number YA093048, and asserts grounds for relief that overlap with the claims in the subsequent 3375 Petition: (1) a sentencing challenge pursuant to California Penal Code section 1170(d)(1); and (2) a sentencing challenge pursuant to SB 1393. (CV 21-3036 ECF No. 1 at 2, 5-6). On April 14, 2021, the Court ordered petitioner to show cause by May 12, 2021, why the 3036 Petition should not be dismissed as his claims are not cognizable on federal habeas relief. (CV 21-3036 ECF No. 4). Petitioner has not yet responded to the order to show cause.

## II

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a preliminary review of the 3375 Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Having conducted a preliminary review of

---

[1] For ease of reference, the Court refers to the ECF-generated page numbers when citing to the Petition.

the 3375 Petition, the Court issues this Order to Show Cause directed to petitioner because, as set forth below, it appears that his claims are not cognizable on federal habeas review. The Court further notes that because the 3375 Petition and the 3036 Petition challenge the same underlying Los Angeles County Superior Court case -- and contain overlapping claims -- there does not appear to be any reason to bring the claims in two separate petitions. See White v. Lamarque, 2002 WL 1941152, at *1 (N.D. Cal. Aug. 12, 2002) ("[a]ll claims pertaining to the same state conviction should be included in a **single** petition for a writ of habeas corpus").

### A. Grounds One and Four

In petitioner's first and fourth grounds for relief, he asserts that he is entitled to have his sentence reduced pursuant to California Penal Code section 1170(d)(1) based on his exemplary behavior in prison, and that the denial of his request to have his sentence recalled under this provision has infringed his access to the courts and resulted in a miscarriage of justice. (ECF No. 1 at 5, 10).

A petitioner may seek federal habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Matters relating solely to the interpretation and/or application of state law generally are not cognizable on federal habeas review. See, e.g., Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) ("violations of state law are not cognizable on federal habeas review"); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

California Penal Code section 1170(d)(1) provides that the sentencing court may recall the sentence and resentence a defendant to a reduced term either on the court's own motion, or "at any time upon the recommendation" of the secretary of the California Department of Corrections and Rehabilitation, the Board of Parole Hearings, or the district attorney of the county in which the defendant was sentenced. Cal. Pen. Code § 1170(d)(1). Resentencing under this provision is permitted if it is in the interest of justice, and the sentencing court may consider postconviction

factors such as the inmate's disciplinary record and record of rehabilitation while incarcerated; evidence indicating whether the inmate's age, time served, and diminished physical condition have reduced his risk for future violence; and evidence indicating that circumstances have changed since the original sentencing so that the inmate's continued incarceration is no longer in the interest of justice. Id.

The question of whether petitioner is entitled to resentencing under California Penal Code section 1170(d)(1) pertains only to state law. Accordingly, because petitioner's claims in Grounds One and Four raise sentencing challenges pursuant to section 1170(d)(1), his first and fourth grounds for relief are not cognizable on federal habeas review.[2] See, e.g., Mills v. Marsh, 2020 WL 1180433, at *3 (C.D. Cal. Jan. 9, 2020) ("Whether Petitioner is entitled to resentencing [under section 1170(d)(1)] is a question pertaining solely to state law, rendering it noncognizable on federal habeas review."), Report and Recommendation accepted, 2020 WL 5202073 (C.D. Cal. Sept. 1, 2020); Bailey v. Sherman, 2020 WL 4372118, at *2-3 (C.D. Cal. June 30, 2020) (claim seeking recall and resentencing under section 1170(d)(1) not cognizable), Report and Recommendation accepted, 2020 WL 4368062 (C.D. Cal. July 30, 2020); Nichols v. Pfeiffer, 2019 WL 4014429, at *7 (C.D. Cal. Aug. 26, 2019) (resentencing claim pursuant to section 1170(d)(1) not cognizable).

### B. Ground Two

Petitioner in his second ground for relief alleges that he meets the criteria under SB 1393 to have his sentence reduced by striking a "nickel prior," i.e., a five-year sentence enhancement based on a prior serious felony conviction (see Cal. Penal Code § 667(a)). (ECF No. 1 at 7).

SB 1393 went into effect on January 1, 2019, amending section 1385 of the California Penal Code to eliminate the prohibition against striking a five-year enhancement for a prior serious felony. This resulted in state trial courts having discretion to strike such an enhancement. See

---

[2] Petitioner's contentions that the denial of his request to be resentenced infringed his access to the courts and resulted in a miscarriage of justice do not render his claims cognizable on federal habeas review, as such contentions still only pertain to the application of state sentencing law.

People v. Dearborne, 34 Cal. App. 5th 250, 268 (Cal. App. 4 Dist. 2019). SB 1393 applies retroactively to cases that were not yet final on its effective date. Id.

Petitioner's claim seeking the dismissal of a five-year sentence enhancement under SB 1393 is also purely a state law matter, and fails to state a cognizable federal habeas claim. See, e.g., Burchett v. Martel, 2020 WL 1847131, at *2 (C.D. Cal. Mar. 11, 2020) ("Petitioner's allegations that he is entitled to the benefit of S.B. 1393 involve solely the alleged misapplication of California sentencing law . . . [and] fail to state a cognizable federal claim."), Report and Recommendation accepted, 2020 WL 1820518 (C.D. Cal. Apr. 10, 2020); see also Bush v. Davis, 2020 WL 7043882, at *2-3 (N.D. Cal. Dec. 1, 2020) (listing "federal district court[] [cases that] have rejected SB 1393 sentencing claims for failure to state a cognizable federal habeas claim"). In any event, it appears that petitioner's 2016 conviction became final well before SB 1393 went into effect in 2019, and therefore, pursuant to California law, petitioner is not eligible for relief under SB 1393.

### C.  Ground Three

In his third ground for relief, petitioner cites "Special Directive 20-14," which sets forth the Los Angeles County District Attorney's resentencing policy that took effect on December 8, 2020. See https://da.lacounty.gov/sites/default/files/pdf/SPECIAL-DIRECTIVE-20-14.pdf (last visited April 26, 2020). Petitioner also asserts that the District Attorney remarked in December 2020 that there would be "no more 3 year or 5 year enhancements applied" to sentences, and that those sentenced under the "old policy" could be resentenced. Petitioner contends he "fit[s] the policy" and apparently seeks to be resentenced under this directive. (ECF No. 1 at 8). As with all of petitioner's other grounds for relief, Ground Three does not present a federal question. Indeed, Ground Three relates only to the application of a county policy; it does not even implicate a state law. As such, this claim is not cognizable on federal habeas review.

/
/
/
/

# III

# ORDER

In light of the foregoing, petitioner is ordered to show cause why the 3375 Petition should not be dismissed. **No later than May 24, 2021**, petitioner must submit to the Court a response making clear his arguments, if any, as to why the 3375 Petition should not be dismissed as not cognizable.[3]

Alternatively, if petitioner agrees that the 3375 Petition should be dismissed without prejudice for failure to state a cognizable claim, he may instead file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41 allows for the voluntary dismissal of an action by a petitioner[4] without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has not filed either an answer or a motion for summary judgment.

* * *

---

[3] Petitioner is advised that the mere assertion of a due process violation does not "transform a state-law issue into a federal one." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). Accordingly, if petitioner intends to show that his claims raise a federal question, he must do more than simply include an allegation that he was deprived of due process. Although invoking due process may, on the surface, cast the claims as federal in nature, the claims would still rest on asserted violations of state sentencing law, and therefore would remain noncognizable.

[4] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987) (Federal Rules of Civil Procedure may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases). The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL 21767470, at *1 (N.D. Cal. July 23, 2003). Thus, Rule 41, which otherwise governs such dismissals, is applicable to this habeas action.

Along with this Order to Show Cause, the Court Clerk is directed to send petitioner a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)."

**Petitioner is advised that if he fails to respond as ordered by May 24, 2021, by either filing a response setting forth the reasons why his claims should not be dismissed as not cognizable, or by filing a notice of dismissal, the 3375 Petition will be summarily dismissed for failure to state a cognizable claim, as well as for failure to prosecute and follow court orders.**

DATED: April 26, 2021

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE